UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 16-cr-0331 (WMW/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION** |
| Jared Clifford Ruhl, | |
| Defendant. | |

This matter is before the Court on the April 26, 2017 Amended Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel, (Dkt. 48), and the United States' objection to the R&R, (Dkt. 49). The United States objects to the R&R's recommendation to grant Defendant Jared Clifford Ruhl's motion to suppress his statements to Detective Schultz. Because the Court concludes that Ruhl was not in custody when he was interviewed by Detective Schultz, the Court rejects the R&R's conclusion that Ruhl's statements to Detective Schultz must be suppressed. The Court adopts the R&R's remaining conclusions.

## BACKGROUND

The Indictment in this case charges Defendant Jared Clifford Ruhl with conspiracy to distribute heroin, distribution of heroin, possession with intent to distribute heroin, unlawful possession of a firearm, unlawful possession of ammunition, and possession of a firearm in furtherance of a drug trafficking crime.

The investigation underlying these charges began when Ruhl called 911 after he returned to his hotel room at the Quality Inn in Eagan, Minnesota, and found an adult male on the floor and unresponsive. Detective Sergeant John Collins and Sergeant Matt Ondrey of the Eagan Police Department arrived at the hotel, and Ruhl spoke with each of them.

Sometime thereafter, Detective Darrin Schultz arrived and asked Ruhl to accompany him to an unoccupied hotel room nearby for an interview. The hotel room door was closed during the interview, and Ruhl was not physically restrained. The interview lasted approximately 37 minutes and was recorded by Detective Schultz. During his questioning, Detective Schultz told Ruhl, "Right now, you're a witness, but with that said, if there's anything that you're not telling us, or you have anything to hide, you probably shouldn't talk to me." Detective Schultz also advised Ruhl, "if you did anything wrong, you probably shouldn't tell me, and that's perfectly your right, you can ask me to walk out the door, okay?" It is undisputed that Ruhl was not given *Miranda* warnings during the interview. Ruhl was not arrested at the conclusion of the interview, but he was arrested the next day when he returned to the hotel to retrieve some of his belongings.

Ruhl filed several pretrial motions, including a motion to suppress the statements he made to Detective Schultz, Detective Sergeant Collins, and Sergeant Ondrey; a motion to suppress all evidence found during a search of his car, hotel room, and cell phones; and a motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The magistrate judge issued an R&R that recommends granting Ruhl's motion to suppress his statements to Detective Schultz and denying Ruhl's remaining motions. The R&R

concludes that Detective Schultz's interview with Ruhl was a custodial interrogation that required *Miranda* warnings, which were not given. The R&R also recommends (1) denying Ruhl's motion to suppress evidence and for a *Franks* hearing, (2) denying Ruhl's motion to suppress evidence obtained during searches of his hotel room, vehicle and cell phones, and (3) denying Ruhl's motion to suppress statements Ruhl made to Detective Sergeant John Collins and Sergeant Matt Ondrey. The United States objects only to the recommendation to suppress Ruhl's statements to Detective Schultz. Neither party objects to the R&R's remaining conclusions. Ruhl filed a response to the United States' objection.

## ANALYSIS

### I. United States' Objection to the R&R

The United States objects to the R&R's recommendation to grant Ruhl's motion to suppress his statements to Detective Schultz. The Court reviews this determination de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

*Miranda* warnings must be given only if a defendant is subjected to an interrogation in police custody. *United States v. Nguyen*, 608 F.3d 368, 374 (8th Cir. 2010). A person is in custody for *Miranda* purposes when there is a formal arrest or when a law enforcement officer subjects that person to a "restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (internal quotation marks omitted). In making this determination, the "only relevant inquiry" is how a reasonable person in the defendant's position would have understood the situation. *United States v. Czichray*, 378 F.3d 822, 826 (8th Cir.

2004) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984)). The following six factors generally are considered when determining whether a person was in custody for *Miranda* purposes:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990). Although the first three factors tend to weigh against, and the remaining three tend to support, a finding that the individual was in custody, the factors are not exhaustive and should not be applied mechanistically. *Czichray*, 378 F.3d at 827. The ultimate inquiry is whether the individual was restrained as though under formal arrest. *Id.* at 828.

Here, although Ruhl was not expressly advised that he was free to leave, Ruhl was told at the time of questioning that he was free to end the interview. Detective Schultz advised Ruhl, "if you did anything wrong, you probably shouldn't tell me, and that's perfectly your right, you can ask me to walk out the door, okay?"[1] Ruhl stated that he understood "100 percent." Ruhl initiated contact with authorities by calling 911 when he

---

[1] The magistrate judge expressed concern about the United States' characterization of the advisories Detective Schultz gave to Ruhl as a "non-custodial rights" warning. The magistrate judge explained that the law imposes no duty to provide warnings to an individual who is not in custody and concluded that Detective Schultz's decision to advise Ruhl of his rights indicates that Ruhl was in custody. That conclusion, however, is inconsistent with the first *Griffin* factor, which provides that an advisory that the questioning is voluntary or that the suspect is free to leave or not under arrest mitigates a finding that the questioning was custodial. *See Griffin*, 922 F.2d at 1349.

found an adult male unresponsive in his hotel room. The interview was conducted in a vacant hotel room with the door closed, but Ruhl was not otherwise restrained during the interview. And there is no indication that Detective Schultz used strong-arm tactics at any time during the interview. Although there were several police officers at the hotel, the interview was not conducted in a police-dominated atmosphere. The hotel setting is akin to Ruhl's home, as he had been staying for several weeks at the hotel where the interview took place. Ruhl was not placed under arrest when the questioning ended. He was arrested the next day.

Based on the totality of these circumstances, a reasonable person in Ruhl's position would not have perceived that his or her freedom was restrained to the degree associated with formal arrest. *See Czichray*, 378 F.3d at 828. Because the interview was not custodial, *Miranda* warnings were not required. *See Nguyen*, 608 F.3d at 374. The United States' objection to the R&R is sustained. The Court declines to adopt the R&R's conclusion that Ruhl's statements to Detective Schultz should be suppressed. For the foregoing reasons, Ruhl's motion to suppress his statements to Detective Schultz is denied.

## II.     Conclusions of the R&R to Which No Objections Were Filed

The R&R addresses conclusions on several other issues to which neither party objects. Specifically, the R&R recommends denying Ruhl's motions to suppress statements to other law enforcement officials, to suppress physical evidence and to hold a *Franks* hearing. Neither Ruhl nor the United States objects to these recommendations.

The Court reviews for clear error those portions of the R&R to which no objection was filed. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment

("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder*, 73 F.3d at 795. Having carefully reviewed the conclusions of the R&R to which no objections were filed, the Court finds no clear error.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. The United States' objection to the April 26, 2017 Amended Report and Recommendation, (Dkt. 49), is **SUSTAINED**.

2. The R&R, (Dkt. 48), is **REJECTED IN PART** to the extent the R&R recommends granting Ruhl's motion to suppress statements to Detective Schultz. The R&R is **ADOPTED IN PART** with respect to the remaining issues addressed therein.

3. Ruhl's motion to suppress search and seizure, (Dkt. 20), is **DENIED**.

4. Ruhl's motion to suppress statements, (Dkt. 22), is **DENIED**.

5. Ruhl's motion to suppress evidence and for a *Franks* hearing, (Dkt. 27), is **DENIED**.


Dated: June 23, 2017                                       s/Wilhelmina M. Wright
                                                                              Wilhelmina M. Wright
                                                                              United States District Judge